UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FRANCIS ANTHONY GRANDINETTI, II,
   a/k/a/ Francis J. Grandinetti;
   a/k/a/ Francis P. Grandinetti,

                      Plaintiff,           9:11-CV-1168
                                                (DNH/DEP)

     -v-

RICH INTERNATIONAL AIRWAYS, et al.,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

FRANCIS ANTHONY GRANDINETTI, II
A-0185087
Plaintiff, pro se
Saguaro Correctional Center
1250 East Arica Road
Eloy, AZ 85231


DAVID N. HURD
United States District Judge

## DECISION and ORDER

    Plaintiff Francis Anthony Grandinetti, II commenced this action in September 2011.

Dkt. No. 1.[1] The complaint submitted by plaintiff purports to set forth claims of "'Airliner-

Exile'" and "'Unauthorized Airliner Exit' through Arizona federal-airspace (commercial) in

---

    [1] Plaintiff, who identifies himself as a "Hawaii DPS-Corrections inmate," is presently confined in the Corrections Corporation of America facility in Eloy, Arizona. See Dkt. No. 1-2. This case is one of two actions commenced by plaintiff on September 29, 2011. See Grandinetti v. Champion Air, 9:11-CV-1169 (MAD/GHL).

1995." See Dkt. No. 1 at 2.[2]

In a Decision and Order filed December 22, 2011, it was determined that plaintiff

was barred from proceeding in forma pauperis in this action pursuant to 28 U.S.C.

§ 1915(g),[3] and plaintiff was directed to pay the $350.00 filing in full within thirty days if he

wished to avoid dismissal of this action. See Dkt. No. 3 (the "December Order").[4]

Plaintiff did not timely pay the filing fee as directed by the December Order. Rather,

plaintiff requested an additional thirty (30) days "to apply IFP, as the parties will not settle

the claims, evidently (contested airliner – exile)." See Dkt. No. 4 at 1. Plaintiff also

submitted a letter setting forth "Itemized objections" to the December Order. See Dkt.

No. 5.

Mindful of plaintiff's status as a pro se litigant, plaintiff's submissions were

thoroughly reviewed and it was considered whether judicial relief of any kind was

warranted. In a Decision and Order filed January 23, 2012, plaintiff's request for additional

time to file an in forma pauperis application was denied. Dkt. No. 7. It was also

determined that nothing contained in plaintiff's "objections" to the December Order

---

[2] The complaint is an exact duplicate of the pleading plaintiff filed in the United State District Court for the District of Arizona on September 27, 2011, in Grandinetti v. Rich International Airways, No. CV 11-1904-PHX-FJM, Complaint (D. Ariz. Sept. 27, 2011). By Order filed October 18, 2011, that action was dismissed upon a finding that plaintiff has "three strikes" and did not make "a credible or coherent allegation that he is in imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g)" in order to proceed in forma pauperis. Id., Order of Martone, J. filed Oct. 18, 2011.

[3] As noted in the December Order, plaintiff is a frequent litigator in the federal courts and the three-strikes rule set forth in 28 U.S.C. § 1915(g) has been enforced against him since at least 2006. See Dkt. No. 3 at 2.

[4] Plaintiff previously failed to comply with the Order by Magistrate Judge David E. Peebles affording him thirty days in which to either pay the filing fee or submit a completed and signed in forma pauperis application and inmate authorization form. See Dkt. No. 2. In both Orders, plaintiff was advised that his failure to comply would result in the dismissal of this action without prejudice, without further order. See Dkt. Nos. 2, 3. No ruling has been made regarding the sufficiency of the allegations set forth in the complaint.

warranted reconsideration of, or other relief from, the December Order. Id. at 3. The final

deadline for payment of the filing fee was reset to January 31, 2012. Id.

Upon review of the docket, it appears that plaintiff has since filed two separate

applications for in forma pauperis status, an inmate authorization form, a motion for

preliminary injunctive relief, and various supplemental submissions in support of the

foregoing. Dkt. Nos. 11-16.[5] However, as of the date hereof, plaintiff has not paid the

filing fee for this action.

Therefore it is

ORDERED that

1.  This action is DISMISSED due to plaintiff's failure to timely pay the $350.00 filing

fee in full as directed; and

2.  The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   March 14, 2012
          Utica, New York.

---

[5]  Liberally construed, plaintiff's motion for injunctive relief relates to his medical care at his facility in Arizona. Dkt. No. 13. The motion bears no relation to the claims asserted in the complaint and affords no basis for judicial relief of any kind in this action.